

ORIGINAL

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
NOV - 7 2007
4:00
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GEOFFREY SILVER, Defendant. | SA CR 07- SA CR 07 - 00243<br>INFORMATION<br>[18 U.S.C. § 371: Conspiracy] |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 371]

I. INTRODUCTION

At all times relevant to this Information:

1. Defendant GEOFFREY SILVER ("defendant") worked with Brickbanc Capital ("Brickbanc"), also known as Louiscifer Holdings, Channel Equities, Geneva Roth Holdings, HeatRock, and Tech Capital Holdings, located in Orange County, California.

JLW:jlw

2. Defendant operated Silver Industries ("Silver Industries"), a purported equipment vendor, located in Chatsworth, California.

II. THE CONSPIRACY

3. Beginning in or around September 2004 and continuing through in or around December 2005, in Orange County, within the Central District of California, and elsewhere, defendant and others, conspired and agreed with each other to knowingly and intentionally with the intent to defraud, devise, execute, and participate in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and the non-disclosure and concealment of material facts, in connection with a fraudulent equipment lease scheme in violation of 18 U.S.C. § 1343.

III. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

4. The object of the conspiracy was to be accomplished in substance as follows:

(a) Brinkbanc located small businesses in Orange County, California, and elsewhere, that required an infusion of cash to cover their operating expenses, such as rent payments and payroll. Brickbanc would send blast-faxes or use other marketing techniques to advertise money loans and working capital to small businesses.

(b) Brickbanc would communicate with customers who responded to the ads, and reiterate that Brickbanc could obtain

money loans for them. Brickbanc would tell the customers that they would get the money, but would also have to accept some equipment with which the customer was free to do with it what they wished.

(c) Once the small businesses agreed to Brickbanc's assistance, Brickbanc would refer the transaction to defendant.

(d) Defendant used false statements and promises to induce lenders to provide equipment leases to the small businesses. More precisely, at the direction of defendant, Silver Industries would create false and misleading invoices to submit to lending institutions to make it appear as though the lessees were receiving computer equipment worth a substantial amount of money. These invoices were designed to trick the lending institutions into paying for non-existent and over-valued equipment. Silver Industries would, in turn, provide the lessees nothing or computers that were worth substantially less than what was represented to the lending institution.

(e) Before funding the lease, the lenders contacted the small businesses to confirm that the small businesses, in fact, had purchased, installed, and were using the equipment obtained from Silver Industries. Defendant and other employees at Brickbanc coached the small businesses to provide false information to the lenders in response to these questions.

(f) Based upon false information, the lenders approved the lease applications and forwarded money to Silver Industries for the purported equipment purchases.

(g) Rather than using the lease proceeds to purchase equipment as promised, defendant took the money received from the lending institutions, kept a portion for himself, caused a portion of the money to be paid to the lessee as a cash loan, and caused a portion of the money to be paid to Brickbanc.

5. By devising, executing, and participating in the conspiracy, defendant caused lenders to lose thousands of dollars.

IV. OVERT ACT

6. In furtherance of the conspiracy and to accomplish the object of the conspiracy, on or about March 30, 2005, defendant and others known and unknown to the Grand Jury, committed the following overt act within the Central District of California, including but not limited to, at the direction of defendant, Belanger Maintenance Company located in Michigan faxed a Citibank equipment lease agreement to Brickbanc located in Orange County, California.

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office